UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM D. MORRIS,

Movant,

v.            408CV078
               406CR124

UNITED STATES OF AMERICA,

Respondent.

## ORDER

This Court denied William D. Morris' 28 U.S.C. § 2255 motion on 7/28/2008. Doc. ## 14 (Report and Recommendation ("R&R")), 17 (Order adopting). Morris, believing himself to be undeserving of punishment, has since inundated the Court with motions to reconsider its resolution of his § 2255 motion. The Court previously denied fifteen of Morris' motions as successive § 2255 petitions, doc. ## 50 at 2-5 (R&R); 53 (Order adopting). The Court now denies his motions filed on 8/19/09 and 12/1/09 for the same reason. Doc. ## 84, 87.

In *Gonzalez v. Crosby*, the Supreme Court held that in 28 U.S.C. § 2254 proceedings, a F.R.Civ.P. 60(b) motion "seek[ing] to add a new ground for relief" or "attack[ing] the federal court's previous resolution of a claim *on the merits*" is deemed a de facto successive habeas petition. 545 U.S. 524, 532. (2005) (emphasis in original). The Eleventh Circuit has indicated that *Gonzalez* applies to § 2255 proceedings. *U.S. v. Terrell*, 141 Fed. Appx. 849, 850 (11th Cir. 2005) ("Although *Gonzalez* addressed a Rule 60(b) motion and decided the issue only under § 2254 ... we believe that its holding and rationale apply equally to § 2255."). Under 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement). Section 2244(b)(3) "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996).[1]

Before the Court are Morris' motions, purportedly under F.R.Civ.P 60(b), alleging "defects in the integrity surrounding this case before, during, and after federal habeas proceedings." Doc. # 84 at 1. Morris, however, actually seeks to litigate matters related to the Presentence Investigation Report ("PSI"). *See* doc. ## 84-1 at 29 ("The PSI is the bad seed."); 87 at 1 ("The integrity is challenged, mainly because of the PSI which is flawed and filled with untruthful statements."). Although he cursorily concludes that his motions establish procedural defects in his case that caused "damage to the integrity of the § 2255 [proceedings]," doc. # 84-1 at 30, Morris actually attacks the Court's resolution of his § 2255 motion on the merits. Such motions are deemed successive § 2255 petitions.

Because Morris has already filed a motion under § 2255 and has failed to

---

[1] The Eleventh Circuit has reached the same result. *See Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second habeas petition); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (holding district court properly denied successive petition because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

provide certification from the Eleventh Circuit authorizing this Court to consider these motions, this Court is without jurisdiction to consider his renewed motions. For the foregoing reasons, these motions are *DISMISSED* as successive. Doc. ## 84, 87.

William D. Morris has wholly abused the post-conviction relief processes afforded to him by the laws of the United States. His meritless motions have unduly burdened the Government, *see* doc. ## 93 (Government's motion to excuse further responsive pleadings); 94 (Order granting), and this Court, *see* 406CR124, doc. # 234 (ordering the Clerk of Court not to file papers submitted by Morris which ask for production of documents). For these reasons, the Clerk is hereby *ORDERED* not to file *any* document submitted by Morris until the Court directs otherwise. All pending motions in 408CV078 are *DENIED*.

This day of 29 March 2010

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA